**Slip Op. 07-79**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

---

|  |  |  |
|---|---|---|
| ELKEM METALS CO. and GLOBE METALLURGICAL, INC., | : : : | |
| Plaintiffs, | : : | Court No. 02-00232 |
| v. | : : | |
| UNITED STATES, | : : | |
| Defendant, | : : | |
| and | : : | |
| RIMA INDUSTRIAL S/A, | : : | |
| Defendant-Int. | : | |

[Final Results of Redetermination Affirmed.  Action dismissed.]

   DLA Piper US LLP (William D. Kramer, Martin Schaefermeier) for Plaintiffs Elkem Metals Co., and Globe Metallurgical, Inc.

   Peter D. Keisler, Assistant Attorney General, Civil Division, United States Department of Justice; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Reginald T. Blades, Jr.); Robert LaFrankie, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

   Greenberg Traurig, LLP (Philippe M. Bruno, Rosa S. Jeong) for Defendant-Intervenor, Rima Industrial S/A.

May 18, 2007

**MEMORANDUM OPINION & ORDER**

   In Elkem Metals Co., v. United States, this Court ordered the United States Department of Commerce to recalculate the dumping

margin of Rima Industrial S/A ("Rima") in light of any adjustments made in the Final Results of Redetermination Pursuant to Court Remand, Elkem Metals Co. v. United States, (Dep't of Commerce Mar. 16, 2005), but applying the methodology promulgated in Silicon Metals from Brazil, 63 Fed. Reg. 42,001 (Dep't Commerce Aug. 6, 1998). See Elkem Metals Co. v. United States, 30 CIT __, Slip Op. 06-189 (Dec. 22, 2006) (not published in the Federal Supplement) ("Elkem III"). Therein, the Court explained that Commerce's policy interpreting 19 U.S.C. § 1677b(e) (2000) and calculating constructed value ("CV") directs that value added tax ("VAT") may be included as a "cost" only to the extent that the exporter/producer does not fully use the VAT credits generated by export sales. Id. (citing 63 Fed. Reg. at 42,004). The Court found that Commerce's determination that VAT paid by Rima should be excluded from constructed value is based on a permissible construction of § 1677b(e). Id. As a result, and due to the "deferential lens of Chevron," the Court did not upset Commerce's determination that the Brazilian tax system can have the effect of offsetting VAT via a VAT credit, and that during the period of review, Rima, a producer, fully offset its VAT costs by using its VAT credits. Id. Accordingly, this Court remanded the matter to Commerce to allow it to recalculate Rima's dumping margin, but with instructions to limit its adjustments to circumstances where Rima fully offset its VAT costs using its VAT credits. Id.

Pursuant to the Court's order, on March 14, 2007 Commerce filed its final remand results.  See <u>Final Results of Redetermination Pursuant to Court Remand</u> (Dep't Commerce Mar. 14, 2007) ("Remand Results").  Both the petitioners and Rima had the opportunity to, but did not file comments to the <u>Remand Results</u>.  As such, the Court treats the remand results as uncontested.  In its <u>Remand Results</u> Commerce "recalculated Rima's dumping margin in light of the adjustment made in the <u>Second Remand Redetermination</u> but using the methodology promulgated in the <u>Final Results</u> and applied in the <u>First Remand Redetermination</u>."  <u>See</u> <u>id</u>.  Specifically, in accordance with this Court's remand instructions Commerce "excluded certain VAT paid by Rima from the calculation of CV . . . [and] limited its adjustments to . . . where Rima fully offset its VAT costs using VAT credits."  <u>Id.</u>  Within these parameters, Commerce recalculated Rima's dumping margin for the period of July 1, 1999 to June 30, 2000.  The rate did not change from the rate announced in its February 12, 2002 final results of the ninth review.  <u>Id.</u>

For foregoing reasons, the Court finds that Commerce complied with its remand instructions.  Commerce recalculated Rima's dumping margin pursuant to the remand instructions set forth in <u>Elkem Metals III</u>.  It excluded certain VAT paid by Rima in its calculation of CV and limited its adjustments to the factual circumstances

Court No. 02-00232                                                Page 4

circumscribed by the remand order.  Therefore, the Court affirms Commerce's <u>Final Results of Redetermination Pursuant to Court Remand</u> and dismisses this action.  Judgment shall be entered accordingly.


                                          /s/  Nicholas Tsoucalas
                                               NICHOLAS TSOUCALAS
                                               SENIOR JUDGE


Dated:    May 18, 2007
          New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

```
_____
                               :
ELKEM METALS CO. and           :
GLOBE METALLURGICAL, INC.,     :
                               :
        Plaintiffs,            :
                               :   Court No. 02-00232
             v.                :
                               :
UNITED STATES,                 :
                               :
        Defendant,             :
                               :
            and                :
                               :
RIMA INDUSTRIAL S/A,           :
                               :
        Defendant.-Int.        :
_____:
```

**JUDGMENT**

Upon consideration of the United States Department of Commerce's <u>Final Results of Redetermination Pursuant to Court Remand</u> (Dep't Commerce Mar. 14, 2007) ("Remand Results"), all other papers filed and proceedings herein, and Commerce having complied with the Court's remand instructions, it is hereby:

**ORDERED** that the Remand Results are affirmed; and it is further

**ORDERED** that this action is dismissed.

/s/ Nicholas Tsoucalas

NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:   May 18, 2007
         New York, New York

## NOTICE OF ENTRY AND SERVICE

  This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

  Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

                or

  Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

                           Tina Potuto Kimble
                           Clerk of the Court

Date: _____  By: _____
                           Deputy Clerk